**United States District Court**
**Central District of California**

E-FILED: JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.   **CR 03-399(A) GHK** |
| **Defendant**   UZOWURU, MARCEL CHIDI | Social Security No.  **4  1  0  8** |
| akas: Lawrence Atase; Brian Smythe Edwards; Andrew Greb; Andrew Grebb; Amaechi John Ozowuru; Marcel Uzowure; Marcel Ozowuri; John Uzowuru; | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 09 | 2008 |

**COUNSEL**  ✔ WITH COUNSEL     GREG NICOLAYSEN, APPOINTED
(Name of Counsel)

**PLEA**  ✔ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**  There being a finding of ✔ **GUILTY,** defendant has been convicted as charged of the offense(s) of: **CONSPIRACY TO COMMIT MONEY LAUNDERING; IN VIOLATION OF TITLE 18 U.S.C. § 1956(h), as charged in Count 1; MONEY LAUNDERING; IN VIOLATION OF TITLE 18 U.S.C. § 1956(a)(1); as charged in Count 16; UNLAWFUL USE OF MEANS OF IDENTIFICATION; IN VIOLATION OF TITLE 18 U.S.C. § 1028(a)(7); as charged in Count 18 of the FIRST SUPERSEDING INDICTMENT.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately. It is ordered that the defendant shall pay restitution in the total amount of $90,818.80 pursuant to 18 U.S.C. § 3663A. The amount of restitution shall be paid to the victims listed in the confidential victim list submitted separately. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $100 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment. The defendant shall be held jointly and severally liable with co-defendant, Chidi George Osunwa for the amount of restitution ordered in this judgment. Pursuant 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g). The defendant shall comply with General Order 01-05. All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution. Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: ***forty-eight (48) months.*** This term consists of 48 months on each of Counts 1 and 16, and 36 months on Count 18 of the First Superseding Indictment, to be served concurrently. This term of 48 months shall run consecutively to the term of imprisonment imposed in the United States District Court, Central District of California, Docket No. 02-1230 RMT. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of *three (3) years.* This term consists of 3 years on each of Counts 1 and 16, and 1 year on Count 18, all such terms to run concurrently under the following terms and conditions: 1) the defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318; 2) during the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; 3) when not employed at least part-time and/or attending an educational or vocational program, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer. This requirement will commence within 30 days of placement on supervision. The defendant's community service may be satisfied by his caring for his special needs child, if otherwise proved to the satisfaction of the Probation Officer that he is acting in that capacity; 4) the defendant shall not obtain or possess any driver's license,

// //

// //

| | | | |
|---|---|---|---|
| USA vs. | **UZOWURU, MARCEL CHIDI** | Docket No.: | **CR 03-399(A) GHK** |

Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name; 5) the defendant shall cooperate in the collection of a DNA sample from the defendant; 6) as directed by the Probation Officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

Upon motion of the government, all remaining counts are ordered dismissed.

**It is recommended** that the defendant be designated to a facility in the Southern California area to facilitate family visitation.

Defendant waives right to appeal pursuant to his plea agreement.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

|  6/16/08 | | |
|---|---|---|
| Date | | GEORGE H. KING, U.S. DISTRICT JUDGE |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

| 6/16/08 | By | / S / |
|---|---|---|
| Filed Date | | Beatrice Herrera, Courtroom Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
 at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date       Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date       Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____       _____
     Defendant       Date

_____       _____
U. S. Probation Officer/Designated Witness       Date

# NOTICE PARTY SERVICE LIST

**Case No.**   CR 03-399(A) GHK       **Case Title**   U. S. A.  vs.  MARCEL CHIDI UZOWURU

**Title of Document**   JUDGMENT/COMMITMENT ORDER

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| ☒ | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | ☒ | US Marshal Service - Los Angeles (USMLA) |
| | | ☒ | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | ☒ | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | ☒ | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| ☒ | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | Interpreter Section | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| ☒ | PSA - Los Angeles (PSALA) | | |
| ☒ | PSA - Riverside (PSAED) | | |
| ☒ | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

*ADD NEW NOTICE PARTY*
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk    Bea**